10 So.3d 689 (2009)
Jorge COSSIO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-3120.
District Court of Appeal of Florida, Third District.
May 6, 2009.
*690 Jorge Cossio, in proper person.
Bill McCollum, Attorney General, for appellee.
Before COPE, RAMIREZ, and SALTER, JJ.

ON MOTION FOR REHEARING
COPE, J.
On consideration of the appellant's motion for rehearing, the court grants the motion, withdraws the per curiam affirmance, and substitutes the following in its place.
This is an appeal of an order on the motion of defendant-appellant to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), claiming entitlement to additional credit for time served.
Defendant claims that he was arrested on January 17, 2008, in Miami-Dade County for a crime committed in Miami-Dade County. He alleges that he was also arrested at that time on an outstanding warrant for violation of probation ("VOP") issued in Monroe County. Upon disposition of the VOP, the trial court in Monroe County awarded defendant credit for time served for part of the time defendant was in jail in Miami-Dade County, stating that he was not arrested on the VOP warrant until April 30, 2008.[*] The trial court refused to grant credit for the entire time finding that defendant was not entitled to credit for time served for a separate crime committed in Miami-Dade County. The trial court failed to attach documents establishing the arrest date for the VOP warrant.
Because the record now before us fails to conclusively refute the appellant's claim, we reverse the order and remand for further proceedings. If the trial court again enters an order summarily denying the postconviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief. See Fla. R. App. P. 9.141(b)(2)(D) (requiring reversal by this court unless the record shows conclusively that the defendant is entitled to no relief).
Reversed and remanded for further proceedings.
RAMIREZ, J., concurs.
SALTER, J. (dissenting).
I respectfully dissent from the opinion on rehearing. In my view, our original per curiam affirmance entered December 31, 2008, was correct.
The defendant claimed in his pro se motion that he should receive credit for time served in Miami-Dade County (on a new and separate charge) commencing January 17, 2008, because a Monroe County arrest warrant and "hold/detainer" were placed against him on that date relating to his two prior Monroe County violation of probation cases.
The defendant attached to his motion under Florida Rule of Criminal Procedure 3.800 a copy of the "as issued" Monroe County warrant dated November 30, 2007, but did not attach a copy of the "as served" warrant. The trial court concluded in the order summarily denying the motion:

*691 A review of the court files reveals that prior to the Defendant's arrest on April 30, 2008 on the warrants in these two cases for violation of probation, he was being held in the Dade County Jail on charges from that jurisdiction and was not available for transport to Monroe County until April 25, 2008. (emphasis provided).
The trial court granted credit for time served commencing April 22, 2008, however, the closeout date shown by the Miami-Dade Clerk for Cossio's jail time there. The Monroe County criminal case information docket for the defendant's two violation of parole cases discloses that the served warrants were not filed there until May 5, 2008.
I would not remand on a defendant's conclusory allegation such as this to a trial judge who has affirmatively represented that he has inspected the original arrest records and determined for himself the arrest dateparticularly since the on-line docket shows that the "as served" warrant is part of the lower court file. Here the "record" referred to in Florida Rule of Appellate Procedure 9.141(b)(2)(D) includes the trial judge's written statement to us regarding the actual arrest date, and that statement conclusively refutes the defendant's allegation. If the defendant wishes to dispute the official record as reported by the trial judge, he should re-file his motion and should attach a copy of the "as-served" warrant.
I recognize that in many cases it may be difficult for an incarcerated defendant to procure a plea hearing transcript, a sentencing scoresheet, or some other dispositive document, and I am not suggesting that trial judges need not attach such documents to their orders summarily denying post-conviction motions under Florida Rules of Criminal Procedure 3.800 and 3.850. In this particular case, I simply think that the trial judge should not be asked to engage in a "do over" unless the defendant has some written record to support his bare (and obviously self-serving) allegation. I therefore respectfully dissent from the decision on rehearing to reverse and remand for further proceedings.
NOTES
[*] At the time of sentencing, the court granted credit for time served from April 22, 2008. The reason for the April 22 date is not clear, but is immaterial. The defendant claims his credit should run from January 17.